## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

John C. Kiriakou,

          Plaintiff,                  Case No.

John Bamford in his individual capacity,
Heather Kiriakou,
and Northrup Grumman Corporation,

          Defendants.

_____

## COMPLAINT

Comes now Plaintiff, John C. Kiriakou, through his undersigned attorneys, and hereby files this Complaint against Defendants John Bamford solely in his individual capacity, Heather Kiriakou, and Northrup Grumman Corporation (Northrup Grumman) for violation of constitutional rights under color of state law, malicious prosecution, and intentional infliction of emotional distress and seeking compensatory and punitive damages. Plaintiff alleges as follows:

### <u>SUBJECT MATTER JURISDICTION</u>

1. This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. 1331 and 28 U.S.C. 1367.  Plaintiff's federal claim arises under 42 U.S.C. 1983. Plaintiff's state law claims are so related to the federal claim that they form part of the same case or controversy under Article III of the United States Constitution.

## PERSONAL JURISDICTION

2. This Court possesses personal jurisdiction over Defendants because Defendants John Bamford and Heather Kiriakou are residents and citizens of Virginia, Northrup Grumman's principal place of business is Virginia, and the wrongful acts of Defendants that gave rise to Plaintiff's claims occurred and inflicted damage to Plaintiff in Virginia.

## VENUE

3. Venue is proper in this District under 28 U.S.C. 1391 (b) (1) and (2) because Defendants are residents of the District and a substantial portion of the acts or omissions that gave rise to Plaintiff's claims occurred in the District.

## PARTIES

4. Plaintiff John C. Kiriakou is a resident of Virginia. Among other things, Mr. Kiriakou served as a senior counterterrorism officer at the Central Intelligence Agency 1990-2004. He was a first responder in the aftermath of 9/11 in leading the capture of Abu Zubaydah in Pakistan in 2002. He served as senior investigator on the Senate Foreign Relations Committee from 2009-2011. Mr. Kiriakou has authored four books: *The Reluctant Spy* (2010); *Doing Time Like A Spy* (2016); *The Convenient Terrorist* (2016); and, *The CIA Guide to the Iran Crisis* (2019). Mr. Kiriakou's first book soared to No. 5 on the *New York Times'* Best Seller list, and his second won the PEN First Amendment Award and the Forward Review Memoir of the Year. Mr. Kiriakou is a stockholder of Defendant Northrup Grumman.

5. Defendant John Bamford is a resident of Virginia and is sued in his individual capacity alone. At all times relevant to this Complaint, Mr. Bamford was a detective for the Arlington County Police Department.

6. Defendant Heather Kiriakou is a resident of Virginia. She is Director of Global Business Development at Northrup Grumman Corporation.  Ms. Kiriakou is a former CIA officer, 1997-2012.

7. Northrup Grumman Corporation is an American global aerospace and defense technology company with 90,000 employees. It is headquartered in Falls Church, VA. Northrup Grumman has a history of retaliating against whistleblowers. It paid $325 million in 2009 to settle a whistleblower lawsuit related to faulty electronic components sold to the government for military and intelligence gathering satellites.  Press Release, April 2, 2009, https://www.phillipsandcohen.com/scientist-blue-whistle-faulty-military-satellite-parts-northrup-grumman-pays-325-million-settle-case/

### STATEMENT OF FACTS

8. On or about July 2019, Defendant Heather Kiriakou, in collaboration with Northrup Grumman, called Defendant John Bamford at the Arlington County Police. Ms. Kiriakou and Northrup Grumman knowingly, falsely, and maliciously accused Plaintiff of sending nude photos of Ms. Kiriakou to Northrup Grumman in criminal violation of Virginia Code 18.2-386.2, a crime of moral turpitude.

9. Defendants' knowing, intentional, malicious falsity in charging Plaintiff with a crime of moral turpitude was untruthful in at least two respects.

10. First, the photos did not depict Ms. Kiriakou in a state of total nudity, nor in a state of undress so as to expose her genitals, pubic area, buttocks or female breast.

11. Second, Plaintiff did not disseminate the photos (which Defendant Heather Kiriakou had taken of herself and sent to her partner in adultery) with the intent to coerce, harass, or intimidate.  Neither did he disseminate the photos with malice.

12. Defendant Heather Kiriakou's motivation for her knowing, intentional, false, and malicious accusation was to secure a litigating advantage in a pending child custody dispute with Plaintiff; to diminish her sense of guilt over her adultery; and, to retaliate against Plaintiff for exposing her adulterous affair in the course of whistleblowing on Defendant's business travel fraud via Northrup Grumman's ethics hot line, about which more anon.

13. Defendant Heather Kiriakou's and Defendant Northrup Grumman's knowing, false, and malicious accusation that Plaintiff had violated Virginia Code 18.2-386.2 constituted the crime of false reporting in violation of Virginia Code 18.2-461.

14. Defendant Heather Kiriakou and Defendant Northrup Grumman accused Plaintiff of the crime, popularly known as "revenge porn," with actual malice, i.e., with knowledge of the falsity of the accusation or with reckless disregard of whether it was true or false.

15. Defendant Heather Kiriakou and Defendant Northrup Grumman also accused Plaintiff of criminal violations of Virginia Code 18.2-386.2 motivated by ill-will, spite, hatred, and revenge.

16. Defendants Heather Kiriakou's and Northrup Grumman's knowing and false accusation that Plaintiff was guilty of "revenge porn" in violation of Virginia Code 18.2-386.2 was outrageous or intolerable beyond all norms of civilized decency.

17. Defendant Heather Kiriakou's and Northrup Grumman's outrageous or intolerable knowingly false accusation that Plaintiff was guilty of "revenge porn" under Virginia law proximately caused Plaintiff severe emotional distress, including, among other things, loss of contact with Plaintiff's three children aged 16, 15, and 9, acute depression requiring Plaintiff to receive psychiatric care, and alienation from friends or professional colleagues.

18. Plaintiff's actions that provoked Defendant Heather Kiriakou's and Northrup Grumman's knowingly and maliciously false accusations were innocent.

19. On or about July 2018, Plaintiff contacted Northrup Grumman's ethics hotline and spoke to an ethics officer.  Plaintiff is a shareholder of Defendant Northrup Grumman. Plaintiff explained that he possessed documents proving that Defendant Heather Kiriakou and a high-level Northrup Grumman executive had been fraudulently billing Northrup Grumman for personal travel to perpetrate adultery costing tens of thousands of dollars as business travel.

20. Plaintiff asked the Northrup Grumman ethics officer for guidance as to how to proceed.

21. The ethics officer instructed Plaintiff to transmit his documents to her or to send them directly to Northrup Grumman's officers and directors.  Plaintiff did both.

22. Plaintiff's documents included two emails sent by Defendant Heather Kiriakou to her Northrup Grumman partner in adultery.  Defendant Kiriakou knowingly and voluntarily embedded in the two emails photos of herself wearing a beach thong, which left little to the imagination regarding her buttocks. Defendant had taken the photos, not Plaintiff.  Moreover, Plaintiff had redacted the photos to conceal

Defendant's genitals or pubic area.  The photos were relevant to proving Defendant

Heather Kiriakou was fraudulently billing Northrup Grumman for personal travel.

23. Defendant Northrup Grumman reported to Plaintiff that his hotline ethics complaint

had been closed without action on April 15, 2020.

24. Defendant Northrup Grumman never indicated to Plaintiff that any document

included in his ethics complaint submission was improper or irrelevant.

25. On information and belief, Defendant Bamford, in response to the complaint of

Defendants Heather Kiriakou and Northrup Grumman, visited Heather Kiriakou at

her home and uttered words to the following effect, "I hate it when I see women

treated this way.  I'll take care of it."

26. On August 9, 2019, Plaintiff was arrested by Defendant Bamford and charged with

two counts of illegal dissemination of photographs under Virginia Code 18.2-386.2.

The case was docketed as *Commonwealth of Virginia v. John Kiriakou*, Arlington

County, No. 2019-07100120. The entire evidentiary case against Plaintiff were the

two photos of Defendant Heather Kiriakou dressed in a beach thong substantially

exposing her buttocks.  She had taken the photos and embedded them in emails to her

Northrup Grumman lover.  Plaintiff had sent the photos to Northrup Grumman per the

instructions of its ethics officer. Plaintiff's dissemination was in his capacity as a

whistleblower on internal Northrup Grumman business travel fraud perpetrated by

Defendant Kiriakou and her lover. Plaintiff did not act to coerce, harass, or intimidate

Defendant Heather Kiriakou.  Plaintiff did everything by the book.

27. On October 11, 2019, acting with the willful participation and jointly with Defendant

Heather Kiriakou, Defendant Bamford obtained search warrants for Plaintiff's person,

vehicles, and home to investigate an alleged violation of Virginia Code 18.2-386.2.
Defendant Bamford knew the search warrants violated the Fourth Amendment and
Virginia Code sections 19.2-54 and 19.2-56 because they were not supported by an
affidavit setting forth facts that might justify the constitutional requirements of
probable cause and particularity in investigating alleged violations of Virginia Code
18.2-386.2

28. Defendant Bamford's Affidavit relied solely on the unworn statements of Defendant
Heather Kiriakou. Defendant Bamford did not vouch for her veracity. Defendant
Bamford had reason to suspect Defendant Heather Kiriakou might economize on the
truth about Plaintiff. She told him they were going through a divorce. Defendant
Bamford made no effort to corroborate Defendant Heather Kiriakou's facially suspect
allegations about Plaintiff. It is common knowledge that spouses to a divorce
routinely concoct allegations to stigmatize or demean the other.

29. In paragraph 2 of Defendant Bamford's Affidavit, Defendant Heather Kiriakou
falsely accuses Plaintiff of theft of her personal Apple laptop computer and of her
Northrup Grumman laptop.

30. On the night of June 30, 2018, Plaintiff found the Defendant's personal laptop in the
back of Defendant's car parked in his home driveway. The personal laptop was next
to Defendant's Northrup Grumman laptop, which Plaintiff never touched.
Defendant's personal laptop was powered on and was not password protected.
Plaintiff opened it to email, which was not password protected, with his own wifi and
on his own property. Plaintiff discovered more than 100 emails proving that
Defendant Heather Kiriakou was having an affair with a high-level Northrup

Grumman executive. Plaintiff forwarded the emails to himself and left Defendant
Heather Kiriakou's laptop where he found it. The laptop never left Defendant
Heather Kiriakou's car. Plaintiff encountered difficulties in printing the emails. He
forwarded them to a generic FEDEX email address for printing. On July 1, 2018,
Defendant Heather Kiriakou accused Plaintiff of stealing both laptops. Plaintiff
denied the accusations, and suggested she call the Arlington County police. A
uniformed Arlington police officer came to Plaintiff's house and asked whether he
had stolen the laptops. Plaintiff denied the accusation, and the matter was dropped.

31. At the time Defendant Bamford's Affidavit was prepared on October 11, 2019,
Defendant knew or was willfully blind to the fact that the Arlington County police
had already determined that Plaintiff had not stolen Defendant Heather Kiriakou's
laptops and thus knew or should have known Defendant Heather Kiriakou was lying
in accusing Defendant of theft of her laptops and was thus unreliable.

32. Paragraph 14 of Defendant Bamford's Affidavit is false and misleading by omission.
It fails to state that Plaintiff mailed and emailed the referenced documents to
Defendant Northrup Grumman precisely as directed by Northrup Grumman's ethics
officer. The paragraph further omits that the documents were submitted in Plaintiff's
capacity of a whistleblower alerting Northrup Grumman to Defendant Heather
Kiriakou's fraudulently billing tens of thousands of dollars of personal travel as
business travel.

33. Paragraphs 34-36 of Defendant Bamford's Affidavit falsely accuse Plaintiff of
accessing Defendant Heather Kiriakou's Facebook account. Plaintiff never had
access to the account. Contrary to paragraph 36, Plaintiff never told babysitter Thea

Rokohl that he had access to Defendant Heather Kiriakou's Facebook Page. And Ms.
Rokohl never stated to Defendant Heather Kiriakou that he had.  Defendant Bamford
never asked Ms. Rokohl or Plaintiff about the matter, which would have proven
Defendant Heather Kiriakou's false accusation and incorrigible mendacity.

34. The facts asserted in paragraph 37 of Defendant Bamford's Affidavit are false or
misleading.  The truth is as follows.

35. In December 2018, Plaintiff was returning from an overseas business trip.  Upon
landing, Plaintiff turned on his phone and saw multiple text messages from his then
12-year-old daughter.  There were multiple photos of a strap-on dildo, a male vibrator
known as a "cock ring," other sex toys, and lingerie.  Plaintiff's daughter captioned
the strap-on photo with the message, "Daddy, what is this?"  Plaintiff asked her where
she found these things, and she responded, "On the floor in mom's room."  Plaintiff
asked her to photograph them and send them for forwarding to his divorce attorney,
which was done.  Plaintiff's daughter set up a shared photo/email folder, where she
placed the photos.  Defendant Heather Kiriakou found out about the matter six
months later and deleted the folder.

36. Plaintiff did not illegally access Defendant Heather Kiriakou's MarcoPolo account.
Plaintiff gave his youngest son an iPad for Christmas 2018.  He asked Plaintiff if he
could download the Marco Polo app.  Plaintiff said that he could.  In the meantime,
Defendant Heather Kiriakou also downloaded Marco Polo and apparently logged in
with their son's user id and password.  Every time she recorded a Marco Polo video,
it appeared on Plaintiff's son's iPad and on his phone, where he monitored the Marco
Polo account.

37. Paragraphs 14-40 of Defendant Bamford's Affidavit purports to satisfy the probable cause threshold constitutionally necessary to justify a search warrant. But the paragraphs don't get off home base.

38. The crime under investigation, Virginia Code 18.2-386.2, has three elements.

39. First, the motive for the prohibited video or photo dissemination or sale must be "to coerce, harass, or intimidate…."

40. Second, the dissemination or sale must be done "maliciously."

41. Third, the photo or video must depict another person in total nudity "or in a state of undress so as to expose the genitals, pubic area, buttocks, or female breast…."

42. Not a single word in paragraphs 14-40 of Defendant Bamford's Affidavit evidences an intent by Plaintiff in the dissemination of the referenced photos to himself and to Northrup Grumman to "coerce, harass, or intimidate" Defendant Heather Kiriakou or evidences Plaintiff's malice in the dissemination. The Affidavit discloses only two recipients of the photos: Plaintiff, and Defendant Northrup Grumman. And the Affidavit is silent, i.e., fact-free, as to whether Plaintiff sent the photos with a prohibited motive. Plaintiff's motives were innocent. The photos were relevant to Plaintiff's ethics complaint to Defendant Northrup Grumman proving that Defendant Heather Kiriakou was defrauding Northrup Grumman of tens of thousands of dollars by misrepresenting personal travel as business travel. The photos to himself proving Defendant Heather Kiriakou's adultery were also relevant to Plaintiff's outstanding divorce-child custody litigation with Defendant Heather Kiriakou.

43. There was also no evidence in Defendant Bamford's Affidavit that the photos depicted Defendant Heather Kiriakou as "totally nude, or in a state of undress so as to

expose [her] genitals, pubic area, buttocks, or female breast," as required by Virginia Code 18.2-386.2.   Paragraph 18 of the Affidavit says some of the photos exposed the "buttocks" of Defendant Heather Kiriakou not in a state of undress but wearing undergarments of a particular style, which is not prohibited under Virginia Code 18.2-386.2.   The Bamford Affidavit provided no cause to believe Plaintiff had violated the statute.

44. Defendant Bamford knew of the fatal deficiency in the Affidavit under the Fourth Amendment or was willfully blind to it.

45. In conspiracy and with the willful participation of Defendant Heather Kiriakou, Defendant Bamford executed the known constitutionally deficient search warrants on or about October 15, 2019.   Defendant Bamford unconstitutionally detained and searched the person of Plaintiff with an army of two dozen Arlington County Police and FBI officers nearby.   Defendant Bamford predictably discovered or seized no relevant evidence.

46. On or about October 15, 2019, Defendant Bamford unconstitutionally searched Plaintiff's two vehicles and predictably discovered or seized no relevant evidence. One of the vehicles, 2016 Vespa LXV scooter, was impounded in a police lot in Arlington for three weeks before it was released after Plaintiff had made multiple requests.

47. On or about October 15, 2019, Defendant Bamford unconstitutionally searched Plaintiff's home for 7.5 hours and seized and inventoried fifteen items, including all of Plaintiff's electronics. An inventory of the seized items was ostensibly prepared by

Defendant Bamford in violation of Virginia Code 19.2-57 by failing to subscribe and swear to it.

48. On or about March 16, 2020, the Arlington-Falls Church Commonwealth Attorney dismissed the two counts against Plaintiff alleging violations of 18.2-386.2.

49. Defendants Heather Kiriakou, John Bamford, and Northrup Grumman instigated the Arlington County prosecution of Plaintiff under Virginia Code 18.2-386.2 motivated by malice, ill-will, and spite.

50. The prosecution was instituted by and with the cooperation of Defendants Heather Kiriakou and Northrup Grumman.

51. The prosecution was instituted without probable cause to believe Plaintiff had violated Virginia Code 18.2-386.2. There was not a scintilla of evidence that Plaintiff's distribution of the two emails to himself or Northrup Grumman per the instructions of its hotline ethics officer had been distributed by Plaintiff with the intent to coerce, harass, or intimidate Defendant Kiriakou or had been done maliciously. Indeed, the dissemination by Plaintiff was motivated by a whistleblower purpose to prove internal Northrup Grumman business travel fraud by Defendant Heather Kiriakou, and which dissemination followed the instruction of Northrup Grumman's hotline ethics officer; and, for legitimate use in Plaintiff's divorce-child custody litigation against Defendant Heather Kiriakou by proving her adulterous affair.

52. The prosecution of Plaintiff for two counts under Virginia Code 18.2-386.2 terminated with dismissals of both counts on March 16, 2020.

53. On about October 19, 2019, Defendant Heather Kiriakou knowingly, falsely, and maliciously accused Plaintiff to Defendant John Bamford of dispatching a "hitman" to

visit her home and "brandish" a gun and threated to "come back and finish the job" if she failed to drop her revenge porn charges against Plaintiff.

54.  Defendant Heather Kiriakou communicated the knowingly false, malicious, and defamatory accusation against Plaintiff of a crime of moral turpitude to Defendant John Bamford.

55. Defendant Heather Kiriakou's knowing, false, and malicious allegations in paragraph 53, supra, accused Plaintiff of the crime of criminal solicitation in violation of Virginia Code 18.2-29.

56.  Defendant Heather Kiriakou's knowing, false, and malicious accusation that Plaintiff was guilty of criminal solicitation in violation of Virginia Code 18.2-29 constituted criminal false reporting in violation of Virginia Code 18.2-461.

57.  Defendant Heather Kiriakou's intentional, false, and malicious accusation that Plaintiff was guilty of criminal solicitation in violation of Virginia Code 18.2-29 was outrageous or intolerable.

58. Defendant Heather Kiriakou's intentional, false, and malicious accusation that Plaintiff was guilty of criminal solicitation in violation of Virginia Code 18.2-29 proximately caused extreme emotional distress to Plaintiff, including, among other things, protracted trauma and acute depression requiring treatment by a psychiatrist.

59.  On or about October 17, 2019, two days before she made her intentionally false and defamatory accusation to Defendant Bamford that Plaintiff was guilty of criminal solicitation in violation of Virginia Code 18.2-29, Defendant Heather Kiriakou told Plaintiff's three children that Plaintiff was going to prison for the rest of his life.

60. Plaintiff's children were terrified. The youngest, then age 8, broke into tears. The two older children, then ages 15 and 13, were petrified at the thought of losing their father forever.

**COUNT I-VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983**

61. Plaintiff realleges paragraphs 1-60 herein.

62. Defendant Detective John Bamford violated 42 U.S.C. 1983 in depriving Plaintiff of his clearly established constitutional right against unreasonable searches and seizures under color of state law contrary to the Fourth Amendment of which a reasonable person would have known by searching Plaintiff's person on or about October 15, 2019, pursuant to a facially and flagrantly unconstitutional warrant which he knew or should have known did not show probable cause to believe Plaintiff possessed evidence of a violation of Virginia Code 18.2-386 as mandated by the Fourth Amendment. Indeed, the warrant Affidavit provided no foundation whatsoever to believe Plaintiff possessed evidence of a violation of Virginia Code 18.2-386.

63. Defendant Bamford's unconstitutional conduct in violation of 42 U.S.C. 1983 proximately caused compensatory damages to Plaintiff in an amount to be proven at trial, including but not limited to psychological trauma, anxiety, stress, invasion of privacy, alienation from his children and professional colleagues, or otherwise.

64. Defendant Bamford's unconstitutional conduct in violation of 42 U.S.C. 1983 was motivated by spite, ill-will, hatred, and vengeance and was intentional, reckless, or callously indifferent to Plaintiff's Fourth Amendment rights entitling Plaintiff to punitive damages in an amount to be determined at trial.

## COUNT II-VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983

65. Plaintiff realleges paragraphs 1-64 anew.

66. Defendant Detective John Bamford violated 42 U.S.C. 1983 in depriving Plaintiff of his clearly established constitutional right against unreasonable searches and seizures under color of state law contrary to the Fourth Amendment of which a reasonable person would have known by searching Plaintiff's vehicles on or about October 15, 2019, pursuant to a facially and flagrantly unconstitutional warrant which he knew or should have known did not show probable cause to believe Plaintiff's vehicles contained evidence of a violation of Virginia Code 18.2-386 as mandated by the Fourth Amendment.  Indeed, the warrant Affidavit provided no foundation whatsoever to believe Plaintiff's vehicles contained evidence of a violation of Virginia Code 18.2-386.

67. Defendant Bamford's unconstitutional conduct in violation of 42 U.S.C. 1983 proximately caused compensatory damages to Plaintiff in an amount to be proven at trial, including but not limited to psychological trauma, anxiety, stress, invasion of privacy, alienation of children and professional colleagues, or otherwise.

68. Defendant Bamford's unconstitutional conduct in violation of 42 U.S.C. 1983 was motivated by spite, ill-will, hatred, and vengeance and was intentional, reckless, or callously indifferent to Plaintiff's Fourth Amendment rights entitling Plaintiff to punitive damages in an amount to be determined at trial.

## COUNT III-VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983

69. Plaintiff realleges paragraphs 1-68 anew.

70.  Defendant Detective John Bamford violated 42 U.S.C. 1983 in depriving Plaintiff of his clearly established constitutional right against unreasonable searches and seizures under color of state law contrary to the Fourth Amendment of which a reasonable person would have known by searching Plaintiff's home on or about October 15, 2019, pursuant to a facially and flagrantly unconstitutional warrant which he knew or should have known did not show probable cause to believe Plaintiff's home contained evidence of a violation of Virginia Code 18.2-386 as mandated by the Fourth Amendment.  Indeed, the warrant Affidavit provided no foundation whatsoever to believe Plaintiff's home contained evidence of a violation of Virginia Code 18.2-386.

71.  Defendant Bamford's unconstitutional conduct in violation of 42 U.S.C. 1983 proximately caused compensatory damages to Plaintiff in an amount to be proven at trial, including but not limited to psychological trauma, anxiety, stress, invasion of privacy, alienation of children and colleagues, or otherwise.

72.  Defendant Bamford's unconstitutional conduct in violation of 42 U.S.C. 1983 was motivated by spite, ill-will, hatred, and vengeance and was intentional, reckless, or callously indifferent to Plaintiff's Fourth Amendment rights entitling Plaintiff to punitive damages in an amount to be determined at trial.

### COUNT IV-VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983

73. Plaintiff realleges paragraphs 1-72 anew.

74.  Defendant Heather Kiriakou violated 42 U.S.C. 1983 in depriving Plaintiff of his clearly established constitutional right against unreasonable searches and seizures under color of state law contrary to the Fourth Amendment of which a reasonable person would

have known by willful or joint participation in Defendant Bamford's search of Plaintiff's

home on or about October 15, 2019, pursuant to a facially and flagrantly unconstitutional

warrant which she knew or should have known did not show probable cause to believe

Plaintiff's home contained evidence of a violation of Virginia Code 18.2-386 as

mandated by the Fourth Amendment.  Indeed, the warrant Affidavit provided no

foundation whatsoever to believe Plaintiff's home contained evidence of a violation of

Virginia Code 18.2-386.

75.  Defendant Heather Kiriakou's unconstitutional conduct in violation of 42 U.S.C.

1983 proximately caused compensatory damages to Plaintiff in an amount to be proven at

trial, including but not limited to psychological trauma, anxiety, stress, invasion of

privacy, alienation of children and colleagues, or otherwise.

76.  Defendant Heather Kiriakou's unconstitutional conduct in violation of 42 U.S.C.

1983 was motivated by spite, ill-will, hatred, and vengeance and was intentional,

reckless, or callously indifferent to Plaintiff's Fourth Amendment rights entitling Plaintiff

to punitive damages in an amount to be determined at trial.

### COUNT V-VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983

77. Plaintiff realleges paragraphs 1-76 anew.

78.  Defendant Heather Kiriakou violated 42 U.S.C. 1983 in depriving Plaintiff of his

clearly established constitutional right against unreasonable searches and seizures under

color of state law contrary to the Fourth Amendment of which a reasonable person would

have known by willful or joint participation in Defendant Bamford's search of Plaintiff's

vehicles on or about October 15, 2019, pursuant to a facially and flagrantly

unconstitutional warrant which she knew or should have known did not show probable cause to believe Plaintiff's vehicles contained evidence of a violation of Virginia Code 18.2-386 as mandated by the Fourth Amendment. Indeed, the warrant Affidavit provided no foundation whatsoever to believe Plaintiff's vehicles contained evidence of a violation of Virginia Code 18.2-386.

79. Defendant Heather Kiriakou's unconstitutional conduct in violation of 42 U.S.C. 1983 proximately caused compensatory damages to Plaintiff in an amount to be proven at trial, including but not limited to psychological trauma, anxiety, stress, invasion of privacy, alienation of children and colleagues, or otherwise.

80. Defendant Heather Kiriakou's unconstitutional conduct in violation of 42 U.S.C. 1983 was motivated by spite, ill-will, hatred, and vengeance and was intentional, reckless, or callously indifferent to Plaintiff's Fourth Amendment rights entitling Plaintiff to punitive damages in an amount to be determined at trial.

## COUNT VI-VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983

81. Plaintiff realleges paragraphs 1-80 anew.

82. Defendant Heather Kiriakou violated 42 U.S.C. 1983 in depriving Plaintiff of his clearly established constitutional right against unreasonable searches and seizures under color of state law contrary to the Fourth Amendment of which a reasonable person would have known by willful or joint participation in Defendant Bamford's search of Plaintiff's person on or about October 15, 2019, pursuant to a facially and flagrantly unconstitutional warrant which she knew or should have known did not show probable cause to believe Plaintiff possessed evidence of a violation of Virginia Code 18.2-386 as

mandated by the Fourth Amendment.  Indeed, the warrant Affidavit provided no

foundation whatsoever to believe Plaintiff's vehicles contained evidence of a violation of

Virginia Code 18.2-386.

83.  Defendant Heather Kiriakou's unconstitutional conduct in violation of 42 U.S.C.

1983 proximately caused compensatory damages to Plaintiff in an amount to be proven at

trial, including but not limited to psychological trauma, anxiety, stress, invasion of

privacy, alienation of children and colleagues, or otherwise.

84.  Defendant Heather Kiriakou's unconstitutional conduct in violation of 42 U.S.C.

1983 was motivated by spite, ill-will, hatred, and vengeance and was intentional,

reckless, or callously indifferent to Plaintiff's Fourth Amendment rights entitling Plaintiff

to punitive damages in an amount to be determined at trial.

### COUNT VII-VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983

85. Plaintiff realleges paragraphs 1-84 anew.

86.  Defendant Northrup Grumman violated 42 U.S.C. 1983 in depriving Plaintiff of his

clearly established constitutional right against unreasonable searches and seizures under

color of state law contrary to the Fourth Amendment of which a reasonable person would

have known by willful or joint participation in Defendant Bamford's search of Plaintiff's

person on or about October 15, 2019, pursuant to a facially and flagrantly

unconstitutional warrant which Northrup Grumman knew or should have known did not

show probable cause to believe Plaintiff possessed evidence of a violation of Virginia

Code 18.2-386 as mandated by the Fourth Amendment.  Indeed, the warrant Affidavit

provided no foundation whatsoever to believe Plaintiff possessed evidence of a violation of Virginia Code 18.2-386.

87.  Defendant Northrup Grumman's unconstitutional conduct in violation of 42 U.S.C. 1983 proximately caused compensatory damages to Plaintiff in an amount to be proven at trial, including but not limited to psychological trauma, anxiety, stress, invasion of privacy, alienation of children and colleagues, or otherwise.

88.  Defendant Northrup Grumman's unconstitutional conduct in violation of 42 U.S.C. 1983 was motivated by spite, ill-will, hatred, and vengeance and was intentional, reckless, or callously indifferent to Plaintiff's Fourth Amendment rights entitling Plaintiff to punitive damages in an amount to be determined at trial.

## COUNT VIII-VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983

89. Plaintiff realleges paragraphs 1-88 anew.

90.  Defendant Northrup Grumman violated 42 U.S.C. 1983 in depriving Plaintiff of his clearly established constitutional right against unreasonable searches and seizures under color of state law contrary to the Fourth Amendment of which a reasonable person would have known by willful or joint participation in Defendant Bamford's search of Plaintiff's home on or about October 15, 2019, pursuant to a facially and flagrantly unconstitutional warrant which Northrup Grumman knew or should have known did not show probable cause to believe Plaintiff possessed evidence of a violation of Virginia Code 18.2-386 as mandated by the Fourth Amendment.  Indeed, the warrant Affidavit provided no foundation whatsoever to believe Plaintiff home contained evidence of a violation of Virginia Code 18.2-386.

91. Defendant Northrup Grumman's unconstitutional conduct in violation of 42 U.S.C. 1983 proximately caused compensatory damages to Plaintiff in an amount to be proven at trial, including but not limited to psychological trauma, anxiety, stress, invasion of privacy, alienation of children and colleagues, or otherwise.

92. Defendant Northrup Grumman's unconstitutional conduct in violation of 42 U.S.C. 1983 was motivated by spite, ill-will, hatred, and vengeance and was intentional, reckless, or callously indifferent to Plaintiff's Fourth Amendment rights entitling Plaintiff to punitive damages in an amount to be determined at trial.

**COUNT IX-VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983**

93. Plaintiff realleges paragraphs 1-92 anew.

94. Defendant Northrup Grumman violated 42 U.S.C. 1983 in depriving Plaintiff of his clearly established constitutional right against unreasonable searches and seizures under color of state law contrary to the Fourth Amendment of which a reasonable person would have known by willful or joint participation in Defendant Bamford's search of Plaintiff's vehicles on or about October 15, 2019, pursuant to a facially and flagrantly unconstitutional warrant which Northrup Grumman knew or should have known did not show probable cause to believe Plaintiff's vehicles contained evidence of a violation of Virginia Code 18.2-386 as mandated by the Fourth Amendment. Indeed, the warrant Affidavit provided no foundation whatsoever to believe Plaintiff's vehicles contained evidence of a violation of Virginia Code 18.2-386.

95. Defendant Northrup Grumman's unconstitutional conduct in violation of 42 U.S.C. 1983 proximately caused compensatory damages to Plaintiff in an amount to be proven at trial, including but not limited to psychological trauma, anxiety, stress, invasion of privacy, alienation of children and colleagues, or otherwise.

96. Defendant Northrup Grumman's unconstitutional conduct in violation of 42 U.S.C. 1983 was motivated by spite, ill-will, hatred, and vengeance and was intentional, reckless, or callously indifferent to Plaintiff's Fourth Amendment rights entitling Plaintiff to punitive damages in an amount to be determined at trial.

## COUNT X-VIOLATION OF CONSTITUTIONAL RIGHTS

### UNDER 42 U.S.C. 1983

97. Plaintiff realleges paragraphs 1-96 anew.

98. On or about October 15, 2019, Defendant Bamford seized Plaintiff's iPhone 10 from Plaintiff's jacket pocket.

99. On or about March 2020, Plaintiff demanded return of the phone after Plaintiff's prosecution for "revenge porn" had been nolle prosequi. All other property seized from Plaintiff in conjunction with the prosecution has been returned.

100. Defendant Bamford ignored Plaintiff's demand and continues to this very day to assert ownership of Plaintiff's iPhone 10.

101. Defendant Bamford acting under color of state law deprived Plaintiff of his iPhone 10 property without due process of law in violation of the Fourteenth Amendment.

## COUNT XVII-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

102.  Plaintiff alleges paragraphs 1-101 anew.

103.  On or about July 2019, Defendant Heather Kiriakou knowingly, intentionally, maliciously, and falsely accused Plaintiff of a crime of moral turpitude, i.e., "revenge porn" in violation of Virginia Code 18.2-386.2, and later participated in the failed malicious prosecution of the same.

104. Defendant Heather Kiriakou's conduct was outrageous or intolerable.

105.  Defendant Heather Kiriakou's conduct proximately caused severe emotional distress to Plaintiff, including, among other things, psychological trauma, acute depression, humiliation, anxiety, stress, invasion of privacy, alienation or separation from his three children and colleagues, or otherwise.

106.  Defendant Heather Kiriakou's conduct was willful and wanton in conscious disregard of Plaintiff's rights or with reckless indifference of consequences to Plaintiff of which Defendant Heather Kiriakou was aware.

107.  Defendant Heather Kiriakou's conduct proximately caused damages to Plaintiff, including, among other things, psychological trauma, acute depression, humiliation, anxiety, stress, invasion of privacy, alienation or separation from his three children and colleagues, or otherwise, in an amount to be determined at trial.

## COUNT XVIII-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

108.  Plaintiff realleges paragraphs 1-107 anew.

109.  On or about October 19, 2019, Defendant Heather Kiriakou knowingly, intentionally, maliciously, and falsely accused Plaintiff of a crime of moral turpitude, i.e., criminal solicitation in violation of Virginia Code 18.2-29, to Defendant John Bamford.

110. Two days before, on or about October 17, 2019, Defendant Heather Kiriakou told Plaintiff's three children that Plaintiff would be spending the remainder of his life in prison, which terrified them.

111.  Defendant Heather Kiriakou's conduct was outrageous or intolerable.

112.  Defendant Heather Kiriakou's conduct proximately caused severe emotional distress to Plaintiff, including, among other things, psychological trauma, acute depression, humiliation, anxiety, stress, invasion of privacy, alienation or separation from his three children and colleagues, or otherwise.

113.  Defendant Heather Kiriakou's conduct was willful and wanton in conscious disregard of Plaintiff's rights or with reckless indifference of consequences to Plaintiff of which Defendant Heather Kiriakou was aware.

114.  Defendant Heather Kiriakou's conduct proximately caused damages to Plaintiff, including, among other things, psychological trauma, acute depression, humiliation, anxiety, stress, invasion of privacy, alienation or separation from his three children and colleagues, or otherwise, in an amount to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff John Kiriakou demands judgment against Defendants John Bamford, Heather Kiriakou, and NGC, jointly and severally, as follows:

(a) For compensatory damages on all counts in an amount to be determined at

trial;

(b) For punitive damages on all counts in an amount to be determined at trial;

(c) For attorney's fees under the Civil Rights Attorney's Fees Award Act of 1976,

42 U.S.C. 1988 or otherwise;

(d) For costs and fees incurred by Plaintiff in this action; and,

(e) For such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff John Kiriakou demands a trial by jury of all issues so triable in this case

pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted this 8th day of September 2021.

_____

_/s/ Bruce Fein, Esq._              .
Bruce Fein
Bruce DelValle
FEIN & DELVALLE, PLLC
300 New Jersey Avenue, N.W., Suite 900
Washington, D.C. 20001
Phone: 202-465-8728
Email: bruce@feinpoints.com
PRO HAC VICE

_/s/ Travis D. Tull, Esq._       .
Travis Tull
Tate Bywater, PLC
2740 Chain Bridge Road
Vienna, VA 22181
Phone: 703-938-5100
Email: ttull@tatebywater.com
LOCAL COUNSEL